IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RSUI INDEMNITY COMPANY,       *
                              *
     Plaintiff,               *
                              *
vs.                           *   CIVIL ACTION No. 09-00776-B
                              *
GOLDCO, INC.                  *
                              *
     Defendant.               *

## ORDER

This action is before the Court on the parties' joint request to stay this action, and supporting brief. (Doc. 47). After carefully considering the foregoing and the other relevant material in the file, the Court concludes that the request is due to be **granted**, in part.

### Background

Plaintiff RSUI Indemnity Company (hereinafter "RSUI") initiated this declaratory judgment action on November 25, 2009. (Doc. 1). RSUI seeks a declaratory judgment determining its obligations to Defendant Goldco, Inc. pursuant to an insurance policy issued by RSUI to Goldco, Inc. RSUI asserts that various sexual harassment claims have been asserted against Goldco, Inc. and that the claims are not covered under the terms and conditions of the subject policy because the allegations arise out of the actions of an employee of Goldco, LLC, which actions

are identical to actions which formed the basis of claims that were reported to and made known to Goldco, LLC prior to the covered period; thus, the claims are excluded under the policy, and Goldco, Inc. is not entitled to indemnity or defense. Goldco, Inc. has asserted a counterclaim against RSUI and seeks a declaration that the policy issued by RSUI provides coverage for the sexual harassment claims. According to the parties, the underlying sexual harassment claims are still pending before the Equal Employment Opportunity Commission ("EEOC"), which conducted an unsuccessful conciliation conference on April 22, 2010.

The parties jointly request that this action be stayed until the EEOC either issues Right to Sue letters or initiates a lawsuit on behalf of the claimants. The parties contend that "[t]he resolution of the EEOC Proceeding is critical to the resolution of this action because the underlying claimants, including those whose identities remain undisclosed, and the value of their claims may be necessary to the disposition of this dispute." (Doc. 47 at 2). In essence, the parties contend that the stay is needed in order to determine the necessary parties to this action.

## **Discussion**

"[A] district court [has] discretion to stay a case pending the resolution of related proceedings in another forum." Ortega

Truillo v. Conover & Co. Communs., Inc., 221 F.3d 1262, 1264 (11th Cir. 2000). "When a court exercises its discretion..., the district court must properly limit the scope of the stay. A stay must not be "immoderate." Id. In considering whether a stay is immoderate, the court must "examine both the scope of the stay (including its potential duration) and the reasons cited by the district court for the stay." Id. In Ortega, the Eleventh Circuit held that the district court had abused its discretion in granting the stay because the stay was "immoderate." In reaching this conclusion, the Court observed that the scope of the stay seemed indefinite, and by its own terms, it remained in effect until the foreign government concluded their review. Id.

In the case sub judice, the undersigned observes as a preliminary matter, that it is not entirely clear that the requested stay is essential in this case. While resolution of the EEOC administrative proceedings will undoubtedly assist the parties in indentifying the number of potential claimants and in placing a dollar value on the claims, the parties have not explained how the outcome of the administrative proceedings will affect the central issue before the court, namely whether insurance coverage exists for the sexual harassment claims asserted against Goldco, LLC. As a result, the Court is reluctant to permit this case to linger for an extended period.

That said, the parties' request for a stay is granted, in part. This action is stayed until October 1, 2010.

This matter is hereby set for a scheduling conference before the undersigned Magistrate Judge on **October 5, 2010** at **10:00 a.m.**, in Courtroom **1A**, United States Courthouse, 113 St. Joseph Street, Mobile, Alabama.

DONE this **1st** day of **July, 2010.**

                                    **/s/ SONJA F. BIVINS**
                            **UNITED STATES MAGISTRATE JUDGE**